UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:25-CR-00033-GNS

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

NATHAN WOODCOCK                                                                              DEFENDANT

# ORDER

This matter is before the Court on Defendant's Motion for Review of Detention Order (DN 19). The matter is ripe for adjudication.

## I. BACKGROUND

In 2025, a federal grand jury indicted Defendant Nathan Woodcock ("Woodcock") for one count of receipt of pornography, and two counts for possession of child pornography. (Indictment 1-2, DN 1). On July 10, 2025, the Magistrate Judge conducted a detention hearing and determined that Woodcock would be held in custody pending trial. (Order 1-4, DN 17).

In the present motion, Woodcock seeks this Court's review of the Magistrate Judge's detention order. (Def.'s Mot. Review Detention Order, DN 19). The United States opposes the motion. (Pl.'s Resp. Def.'s Mot. Review Detention Order, DN 21).

## II. DISCUSSION

The Bail Reform Act governs review of detention orders and provides that "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). This Court reviews a defendant's appeal of a detention order *de novo*. *See United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000) (explaining that, although the

Sixth Circuit has not mandated a particular standard of review, "[t]he majority view appears to favor the district court's *de novo* review of detention orders by magistrate judges . . . ." (citations omitted)).

> In relevant part, 18 U.S.C. § 3142 provides:
>
> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g). If the Court concludes that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." *Id.* § 3142(e). Such a finding must be supported by clear and convincing evidence. *Id.* § 3142(f).

>Under 18 U.S.C. § 3142(e), there is a rebuttable presumption that:
>
>no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title.

18 U.S.C. § 3142(e)(3). This presumption applies because Woodcock was charged with multiple violations of 18 U.S.C. § 2252A(a)(2). (Superseding Indictment 1-2).

To rebut the presumption, Woodcock must come forward with some evidence that he does not pose a danger to the community or a risk of flight. *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) ("Although a defendant's burden of production 'is not heavy,' he must introduce at least some evidence." (citations omitted)). "Even when a defendant satisfies his burden of production, . . . 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'" *Id.* (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)).

At the detention hearing, the Magistrate Judge found that Woodcock failed to rebut the presumption. (Order 2). In addition, the Magistrate Judge found "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." (Order 3). The Magistrate Judge noted the following reasons supported Woodcock's detention:

- The offense charged . . . involves a minor victim . . . .
- [He is] [s]ubject to lengthy period of incarceration if convicted.
- The defendant's release poses serious danger to any person or the community.

(Order 3).

In his motion, Woodcock never asserts that he could overcome the presumption in favor of detention. Instead, he notes his U.S. citizenship, his minimal criminal history, his strong family ties, his willingness to accept the financial obligations of any conditions imposed, his retention of private counsel, his long history of employment, and his willingness to accept any conditions imposed upon him by the Court. (Def.'s Mot. Review Detention Order 1). Woodcock, however, has not presented any new evidence in support of his motion warranting a different result upon this Court's review.

For these reasons, the Court finds, by clear and convincing evidence, that Woodcock poses a danger to the community and that there is no condition or set of conditions of release that can adequately protect the community. This motion is denied.

### III.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Review of Detention Order (DN 19) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

August 28, 2025

cc:   counsel of record