UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA PLAINTIFF

v. CRIMINAL ACTION NO. 1:25-CR-00033-GNS

NATHAN WOODCOCK DEFENDANT

**UNITED STATES' SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**
***– Electronically Filed –***

Comes the United States of America, by counsel, Danielle M. Yannelli, Assistant United States Attorney for the Western District of Kentucky, hereby files this Surreply for limited purpose of addressing the arguments raised in the Defendant, Nathan Woodcock's Reply in Support of Motion to Compel Discovery [DN 38]. Defendant's voluminous reply brief boils down to two issues: 1) Kik and NCMEC; and 2) the Government's disclosure regarding the digital forensic examination of Woodcock's devices.

## ARGUMENT

### I. The Government has complied with its obligation pursuant to Rule 16 and has provided Woodcock with all the discovery in its possession, custody and control that pertains to Kik and NCMEC.

As previously stated in the Government's reply [DN 37], the investigation into Woodcock started with a CyberTipline report (CyberTip").[1] CyberTips are an invaluable tool in the collaborative effort to make the internet a safer place. The CyberTipline, operated by the National Center for Missing and Exploited Children (NCMEC), serves as an efficient,

[1] The Government provided Woodcock the Kik CyberTip in discovery on July 11, 2025. Besides this CyberTip, the Government is not in possession, custody or control, of any other reports, documents, etc. from Kik or NCMEC.

responsive, and organized method by which Electronic Service Providers and Internet Service Providers ("Providers") can report child exploitation related conduct occurring on their service platform to law enforcement. In this way, the Tipline also assists Providers in their efforts to keep their platforms safe and their brand perception positive.

Federal law requires NCMEC to operate the CyberTipline, and Providers to report apparent instances of child pornography offenses.[2] Specifically, 18 U.S.C. § 2258A(a) imposes a duty on Providers to submit a CyberTip report containing the facts or circumstances from which there is an "apparent violation of section 2251, 2251A, 2252, 2252A, 2252B, or 2260 that involves child pornography." 18 U.S.C. § 2258A(a)(2)(A). Providers also have the discretion to submit reports concerning planned or imminent child pornography offenses. 18 U.S.C. §§ 2258A(a)(1)(A)(ii) and (a)(2)(B). Reports of apparent child pornography violations shall be submitted "as soon as reasonably possible after obtaining actual knowledge of any facts or circumstances" of the violation. 18 U.S.C. § 2258A(a)(i). Upon submission of the report, Providers are required to preserve the contents of the report for 1 year. 18 U.S.C. § 2258A(h). Critically, Section 2258A(f) specifically says that Providers have no affirmative duty to search for child pornography. "Pursuant to its clearinghouse role as a private, nonprofit organization, and at the conclusion of its review in furtherance of its nonprofit mission," NCMEC shall "make available" each CyberTip to federal, state, local, and/or foreign law enforcement agencies involved in the investigation of child sexual exploitation, kidnapping, or enticement crimes. 18 U.S.C. § 2258A(c). *See also* 34 U.S.C. § 11293(b)(1)(K)(i).

---

[2] The mandate "compels providers only to *report* child pornography that they know of; it does not compel them to *search* for child pornography of which they are unaware." *See* United States v. Sykes, 65 F.4th 867, 877 (6th Cir. 2023). (*Quoting* United States v. Miller, 982 F3d 412, 424 (6th Cir. 2020)).

It is important to note that NCMEC is not a governmental entity and Kik is not an agent of NCMEC nor an agent of the government. Kik is a private business that has its own internal policies and practices as well as its own terms of services.[3] As the Government previously stated in its letter to Woodcock [DN 35-1], Kik's terms of services are easily accessible on their website.

NCMEC "serves as nonprofit, national resource center and clearinghouse to provide assistance to victims, families, child-serving professionals, and the general public." 34 U.S.C. § 11291(7)(A). NCMEC's role is to receive and forward CyberTips which is what happened in this case. NCMEC received a CyberTip from Kik and forwarded the CyberTip to the appropriate law enforcement agency, in this case HSI in Bowling Green received the CyberTip. As previously stated, the Government has provided Woodcock with everything that is in its possession, custody and control regarding this CyberTip.

In his reply [DN 38], Woodcock demands that this Court order the Government to "identify with specificity any requested materials that it contends is not within its possession, custody, or control, not exist, or is being withheld pursuant to a specific privilege or statutory protection…" However, the Government has already complied with this request when it responded to Woodcock's discovery letter [DN 35-1] on June 5, 2026.

Below are the specific requests that Woodcock made in his discovery letter regarding Kik and NCMEC along with the Government's response:

- Request #2: Report and/or notification of suspected offending child porn (CP) generated by Kik and/or moderation team on (Cap) 204078210.
    - Government's response: The information you are requesting is beyond the scope of disclosure mandated by the Federal Rules of Criminal Procedure,

[3] The Government is not in possession, custody or control of these documents, nor does the Government have any obligation to procure such information on Woodcock's behalf. Counsel for Woodcock has the same subpoena power as the Government, therefore if Counsel believes these records are relevant to Woodcock's case, then Counsel can subpoena Kik for these records.

federal statute, or relevant case law. In particular, the information you requested pertains to a private business and their internal policies and practices **which are not within the government's possession or control, nor is it maintained by the government**, nor does the government have any obligation to procure such information on your behalf.

- Request #3: Identify tool and/or device utilized by Kik to identify suspected offending (CP) images.
    - Government's response: The information you are requesting is beyond the scope of disclosure mandated by the Federal Rules of Criminal Procedure, federal statute, or relevant case law. In particular, the information you requested pertains to a private business and their internal policies and practices **which are not within the government's possession or control, nor is it maintained by the government**, nor does the government have any obligation to procure such information on your behalf.
- Request #4: Kik personnel who physically or digitally reviewed files.
    - Government's response: The information you are requesting is beyond the scope of disclosure mandated by the Federal Rules of Criminal Procedure, federal statute, or relevant case law. In particular, the information you requested pertains to a private business and their internal policies and practices, as well as their employees and employment practices **which are not within the government's possession or control, nor is it maintained by the government,** nor does the government have any obligation to procure such information on your behalf.
- Request #6: Kik authority to review these suspected offending (CP) images.
    - Government's response: The information you are requesting is beyond the scope of disclosure mandated by the Federal Rules of Criminal Procedure, federal statute, or relevant case law. In particular, the information you requested pertains to a private business and their internal policies and practices **which are not within the government's possession or control, nor is it maintained by the government**, nor does the government have any obligation to procure such information on your behalf.
- Request #8: Provide copies of any Kik communications to review these suspected offending (CP) images to the National Center for Missing and Exploited Children (NCMEC).
    - Government's response: The information you are requesting is beyond the scope of disclosure mandated by the Federal Rules of Criminal Procedure, federal statute, or relevant case law. In particular, the information you requested pertains to a private business and their internal policies and practices **which are not within the government's possession or control, nor is it maintained by the government**, nor does the government have any obligation to procure such information on your behalf.

- Request #9: Kik's process of maintaining copies of suspected CP.
    - Government's response: The information you are requesting is beyond the scope of disclosure mandated by the Federal Rules of Criminal Procedure, federal statute, or relevant case law. In particular, the information you requested pertains to a private business and their internal policies and practices **which are not within the government's possession or control, nor is it maintained by the government,** nor does the government have any obligation to procure such information on your behalf.
- Request #11: NCMEC personnel who viewed the uploaded files from CP#8210.
    - Government's response: The information you are requesting is beyond the scope of disclosure mandated by the Federal Rules of Criminal Procedure, federal statute, or relevant case law. In particular, the information you request **is not within the government's possession or control,** nor does the government have any obligation to procure such information on your behalf.

The issue before this Court is simple, are the requested items "within the government's possession, custody or control…" Fed. R. Crim. P. 16(E). No, and the Government has stated that repeatedly. Therefore, if the items are not within the government's possession, custody or control, then the Government is not obligated to go searching for them just because Woodcock has requested their production. Thus, the Government has complied with its discovery obligation under Rule 16 and Woodcock's motion to compel should be denied.

## II. The Government has provided Woodcock with the digital forensic reports as well as has made and continues to make the extractions available to Woodcock for review.

The Government has already complied with Woodcock's request regarding the forensic examination of Woodcock's devices in this case when it provided Woodcock with Forensic Examiner Nathaniel D. Greve's digital forensic reports as well as HSI reports. The Government has also and continues to make the digital reports available to Woodcock for review. The issue before this Court is not an issue of compliance regarding Rule 16 but merely an issue with Woodcock's satisfaction regarding these reports. Woodcock argues that the reports provided by the Government are not sufficient and is requesting the Government to provide more details regarding the forensic evidence in this case. The Government objects to this request. The

Government has complied with its obligations under Rule 16 and owes nothing further to Woodcock. If counsel for Woodcock feels that the reports are insufficient, then that is an issue regarding the veracity of the proof which can be addressed during trial.

**CONCLUSION**

For the foregoing reasons, the United States respectfully asks the Court to deny Woodcock's motion to compel discovery.

Respectfully submitted,

KYLE G. BUMGARNER
United States Attorney

Danielle M. Yannelli
Assistant United States Attorneys
717 West Broadway
Louisville, Kentucky 40202
(502) 582-6942

CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

Danielle M. Yannelli
Assistant United States Attorney